JOSÉ LEMA Y HERMANO *v.* THE REGISTRAR OF PROPERTY.

APPEAL from a decision of the Registrar of Property of Caguas.

No. 96.—Decided November 6, 1911.

CANCELLATION OF LIEN—PROPERTY FOR SUPPORT OF CLERGYMEN—ECCLESIASTICAL PROPERTY.—In the case at bar an encumbrance was created upon a building for the support of a clergyman upon condition that the building should not be converted into an ecclesiastical property, and that on the clergyman's death the lien should become null and void. The appellant asked for the cancellation of said lien and presented a certificate of the death of said clergyman. The decision of the registrar refusing to make the cancellation was appealed from, and this court held that it was erroneous on the ground that a certificate from the Catholic bishop of this diocese showing that the encumbered property had not been converted into an ecclesiastical property was not necessary for the purpose of extinguishing said lien because the deed creating the lien expressly forbade such conversion.

The facts are stated in the opinion.

*Mr. Rafael Arce* for appellant.

MR. CHIEF JUSTICE HERNÁNDEZ delivered the opinion of the court.

In a public instrument executed before Notary Rafael Arce on October 11, 1910, and recorded in the Registry of Property of Caguas on March 24 of the present year, Salvador Vieta Puig, Isabel Puig Polo, and Luis Fernando Puig Huertas sold to the firm of José Lema y Hermano, whose domicile is in the city of San Juan, a house situated on Betances Street, Caguas, which was their common and undivided property, for the sum of $3,500. This house was once the property of Benito Puig, who by public deed executed on June 17, 1851, and recorded in said registry on September 17, 1902, created thereon an encumbrance for the amount of 2,000 *pesos* in favor of his son of the same name, a student for the priesthood.

According to the registry the deed wherein the lien was created in favor of Benito Puig so that he might receive higher orders forbade that any ecclesiastical judge should convert the house referred to into an ecclesiastical property, and that on the death of said Puig the deed should become null and void.

Benito Puig died on December 17, 1909, and the firm of José Lema y Hermano applied to the Registry of Property of Caguas with a certificate of his death asking that the lien, for the support of Puig which encumbered the house hereinbefore mentioned, be canceled, but the registrar refused to make the cancellation on the grounds set forth in an endorsement which literally reads as follows:

"The cancellation of the lien referred to in the foregoing instrument is denied on account of the incurable defect that although evidence has been furnished of the death of Benito Puig, Junior, in whose favor the lien was created for his support he being ordained *in sacris,* said lien cannot be canceled unless it be shown by a certificate from the bishop of the diocese of this Island, to which the

said clergyman belonged, that the property upon which the said lien was created for his support had not been converted into an ecclesiastical property during his lifetime. Concerning this document, which is supported by another attached thereto, a cautionary notice effective for 120 days has been entered on page 90, over, of volume 32 of this municipality, property number 942, entry letter A. Caguas, P. R., March 31, 1911. S. Abella Bastón.''

This decision of the registrar has been appealed from by José Lema y Hermano and the appeal is before us for consideration and decision.

We are of the opinion that the decision of the registrar is clearly erroneous because in order that the cancellation requested may be made it is not necessary to require a certificate from the Catholic bishop of this diocese to prove that the property in question upon which the lien was created was not converted into an ecclesiastical property. The conversion of the house into ecclesiastical property was positively prohibited by the creator of the lien who also expressly stated the condition that at his son's death the lien should become null and void. But even though such condition had not been made the lien would have become extinguished anyway at the death of the beneficiary, Benito Puig, whose support naturally would cease with his death, just as it would had it been created under a beneficiary title.

For the reasons stated the decision appealed from should be reversed and the Registrar of Property of Caguas directed to make the cancellation requested.

*Reversed.*

Justices MacLeary, Wolf, del Toro, and Aldrey concurred.